UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BLOSSOM SOUTH, LLC


                              Plaintiff,

                                                    DECISION AND ORDER

                                                    13-CV-6452L

                    v.

KATHLEEN SEBELIUS,
as Secretary of the United States Department
of Health and Human Services,
MARILYN TAVENNER,
as Administrator of the Centers for Medicare and
Medicaid Services,
NIRAV SHAH, M.D.,
as Commissioner of Health of the
State of New York,

                              Defendants.
_____

## INTRODUCTION


        Plaintiff, Blossom South, LLC ("Blossom South") commenced this action against Kathleen

Sebelius, as Secretary of the United States Department of Health and Human Services, Marilyn

Tavenner, as Administrator of the Centers for Medicare & Medicaid Services, and Nirav Shah, M.D.,

as Commissioner of Health of the State of New York.  Plaintiff asserts claims under the Social

Security Act, 42 U.S.C. § 301, *et seq.*, the Medicare Act, 42 U.S.C. § 1395 *et seq.*, and other statutes,

seeking to enjoin defendants from terminating Blossom South's Medicare provider agreement

without a pretermination hearing and other administrative review procedures.

        Plaintiff has moved for a preliminary injunction.  The Court held a proceeding on the record

with the attorneys for all the parties on August 29, 2013.  At the conclusion of that conference, the

Court orally granted plaintiff's motion, and set forth a schedule for further briefing and argument.

This written Order memorializes and amplifies the Court's directives entered upon the record on August 29.

## DISCUSSION

The test for determining whether preliminary injunctive relief is warranted is well established.  The moving party must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Christian Louboutin S.A. v. Yves Saint Laurent America Holdings, Inc.,* 696 F.3d 206, 215 (2d Cir. 2012) (quoting *UBS Fin. Servs., Inc. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011)).  Where appropriate, the public interest may also be considered. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012), *cert. denied*, 133 S.Ct. 1585 (2013).  Whether to grant a preliminary injunction is committed to the discretion of the district court. *Christian Louboutin*, 696 F.3d at 215.

In the case at bar, I find that these factors weigh in favor of the issuance of preliminary injunctive relief.  There is an obvious likelihood of irreparable harm to plaintiff, which could effectively be put out of business before an administrative hearing is held.  The total destruction of a business has been held to constitute irreparable harm. *See Standard Havens Products, Inc. v. Gencor Industries, Inc.*, 897 F.2d 511, 516 (Fed  Cir. 1990) (granting stay where "reasonably expected harm would be both catastrophic and irreparable" such that appellant "may well cease to exist"); *Oyster Technologies, Ltd. v. Environmental Developers Group, LLC*, No. 11-CV-11795, 2011 WL 6213747, at *2 (D.Mass. Dec. 13, 2011) ("Where there is a risk of loss or destruction of a business entity, courts have held that injunctive relief is appropriate") (footnote and citations omitted).

The denial of an injunction would also present a likelihood of harm to Blossom South's residents, who would have to be moved on short notice if the closure goes ahead as planned. Plaintiff alleges that many of its residents are bariatric patients, *i.e.*, obese, which could present more than the usual difficulties in finding an appropriate location for them and in moving them there. Furthermore, according to the complaint, the most recent statement of deficiencies issued by the state inspectors did not include any deficiencies representing immediate jeopardy to a resident's health and safety.[1]   In fact, as recent as May 2013, a representative of the Department of Health notified Blossom South that Blossom South was then "in substantial compliance with Federal and State requirements." (Dkt. #8-18.)  Plaintiff has also submitted declarations from several residents of Blossom South, and relatives of Blossom South residents, stating that they are generally satisfied with the current staff and administration at Blossom South, and that they do not want to be forced to leave.  *See* Dkt. #8 and attached exhibits.

I see no likelihood of harm to defendants posed by the issuance of an injunction.  As another court in similar circumstances has pointed out, "[n]o harm will be suffered by defendants in the court's issuing a restraining order because the defendants will likely be paying the same fees for the affected Medicare and Medicaid residents, regardless of what facility the residents are located." *Ridgeview Manor of Midlands, L.P. v. Leavitt*, No. 07-cv-861, 2007 WL 1068224, at *6 (D.S.C. Mar. 30, 2007).

The balance of harms, then, weighs heavily in favor of plaintiff.  I also find that there are serious questions going to the merits.  Based on the allegations of the complaint, which at this point the Court accepts as true, *see Geneva College v. Sebelius*, __ F.Supp.2d __, 2013 WL 1703871, at *13 (W.D.Pa. Apr. 19, 2013), defendants have precipitously ordered the closure of Blossom South, in a short time frame, notwithstanding the steady improvement in Blossom South's performance as

---

[1]The complaint states that the July 2013 statement of deficiencies included one "G" deficiency (defined as a deficiency that constitutes actual harm that does not rise to the level of immediate jeopardy, 42 C.F.R. § 488.408), and several lesser deficiencies that did not rise to the level of actual harm.  Complaint ¶ 33.

reflected in recent surveys.  On the record before me, there is little apparent reason for this headlong rush toward closure.

At the same time, the Court is not insensitive to the concerns raised by defendants' surveys, showing some deficiencies at Blossom South.  The health and safety of the residents is of paramount concern here, and therefore the Court requires plaintiff to continue to implement its current plan of correction, as directed below.

The facts, as they are developed, may show otherwise, but at this point, with no evidence of immediate jeopardy to residents if Blossom South continues in operation, I find that the balance of equities warrants the issuance of preliminary injunctive relief.  Accordingly, the Court grants plaintiff's motion for a preliminary injunction, as set forth in the Conclusion of this Decision and Order.


**CONCLUSION**


Plaintiff's motion for a preliminary injunction (Dkt. #8) is granted, as follows.

Pending further order of this Court, defendants are enjoined from:

• terminating plaintiff's provider agreement;

• requiring plaintiff to submit a closure plan;

• taking any steps to relocate any residents of Blossom South;

• denying payment for new Medicare/Medicaid admissions, or for existing Medicare/Medicaid residents; or

• prohibiting Blossom South from admitting new residents, or from readmitting residents on medical leave.

Plaintiff is ordered to immediately begin and continue implementing its plans of correction submitted in response to defendants' identification of deficiencies at Blossom South.

Defendants are to inform the Court within five business days after their receipt of this Decision and Order whether they find plaintiff's most recent proposed plan of correction acceptable, and if not, what changes they believe are necessary.

The parties are to notify the Court of any decisions or other substantive actions taken in plaintiff's administrative appeal.

Either side may move for modification of this order upon any change of material circumstances.

Defendants are directed to respond to plaintiff's submissions by September 20, 2013. Plaintiffs may submit a reply no later than September 27, 2013.

Oral argument on the issue of whether to extend this preliminary injunction will be heard on October 8, 2013 at 2:30 p.m.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　 August 30, 2013.

- 5 -